1 | Paul Rolf Jensen, CSB #154013
  | prj@jensenlawyers.com
2 | **JENSEN & ASSOCIATES, APC**
  | *Trial Lawyers*
3 | 650 Town Center Drive, Twelfth Floor
  | Costa Mesa, California 92626
4 | (714) 662-5527
  | fax (714) 708-2321
5 | Attorneys for Plaintiff Musick, Peeler & Garrett LLP

# United States District Court
# Central District of California, Western Division

| | |
|---|---|
| Musick, Peeler & Garrett LLP, | CASE # |
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES FOR: |
| Aasim Saied, an individual; Mustafa Saied, an individual; Yasir Billoo, an individual; Akyumen Ventures, LLC, a Florida limited liability company; Akyumen Technologies Mobility, LLC, a Florida limited liability company; Akyumen Corp., a Florida corporation; Akyumen Technologies Corp., a Florida corporation; and Does 1-10, inclusive, | **1. BREACH OF WRITTEN CONTRACT;** **2. ACCOUNT STATED;** **3. OPEN BOOK ACCOUNT.** |
| Defendants. | |

Now comes Musick, Peeler & Garrett LLP (hereinafter referred to as "Plaintiff") alleging in this Complaint against Defendants Aasim Saied; Mustafa Saied; Yasir Billoo; Akyumen Ventures, LLC; Akyumen Technologies Mobility, LLC; Akyumen Corp.; Akyumen Technologies Corp.; and Does 1-10, inclusive, (hereinafter collectively referred to as "Defendants"), as follows:

COMPLAINT

1

## JURISDICTION

1. Jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. §1332, because Plaintiff is a citizen of a different state than all Defendants, and the damages alleged herein exceed $75,000, exclusive of interests and costs.

2. Personal jurisdiction over Defendants is proper because, *inter alia*, Defendants and each of them purposefully availed themselves of the rights and privileges of the laws of the State of California by regularly conducting business and entering into the contract alleged herein within this judicial district at all times relevant hereto.

## VENUE

3. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4. Plaintiff Musick, Peeler & Garrett LLP ("The Firm") is a mid-sized law firm, with headquarters at 1 Wilshire Boulevard in the City of Los Angeles, State of California, and within the Central District of California.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant Aasim Saied (hereinafter referred to as Defendant "Aasim") is an individual domiciled in the State of Florida.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant Mustafa Saied (hereinafter referred to as Defendant "Mustafa") is an individual domiciled in the State of Florida.

7. Plaintiff is informed and believes, and on that basis alleges, that Defendant Yasir Billoo (hereinafter referred to as Defendant "Billoo") is an individual domiciled in the State of Florida.

8. Defendant Akyumen Ventures, LLC (hereinafter referred to as "Akyumen Ventures") is a Florida limited liability company with a principal place of business located at 2122 Hollywood Boulevard, Hollywood, Florida 33020.

9. Defendant Akyumen Technologies Mobility, LLC (hereinafter referred to as "Akyumen Technologies") is a Florida limited liability company with a principal place of business located at 2122 Hollywood Boulevard, Hollywood, Florida 33020.

10. Defendant Akyumen Corp. (hereinafter referred to as "Akyumen") is a Florida corporation with a principal place of business located at 15457 Belle Meade Drive, Winter Garden, Florida 34787.

11. Defendant Akyumen Technologies Corp. (hereinafter referred to as "Akyumen Corporation") is a Florida corporation with a principal place of business located at 2122 Hollywood Boulevard, Hollywood, Florida 33020.

12. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-10, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

13. In doing the things alleged in this complaint, all Defendants, and each of them were the agents of one another, and were acting in such capacity with the specific permission and consent of each co-defendant.

## ALTER EGO ALLEGATIONS

14. At all times relevant herein, each Defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego

and/or in furtherance of the joint venture. Each of the Defendant's acts alleged herein was done with the permission and consent of each of the other Defendants.

15. At all times relevant herein, Defendants Akyumen Ventures, Akyumen Technologies, Akyumen Corporation, and Akyumen were the alter egos of Defendants Aasim, Mustafa, and Billoo and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Defendants such that any separateness between them has ceased to exist in that Defendants Aasim, Mustafa, and Billoo completely controlled, dominated, managed, and operated the other Defendants to suit their convenience.

16. Specifically, at all times relevant herein, Defendants Aasim, Mustafa, and Billoo: (1) controlled the business affairs of Akyumen Ventures, Akyumen Technologies, Akyumen Corporation, and Akyumen, including any and all of their affiliates; (2) commingled the funds and assets of the corporate entities; (3) disregarded legal formalities and failed to maintain arm's length relationships among the corporate entities; (4) inadequately capitalized Akyumen Ventures, Akyumen Technologies, Akyumen Corporation, and Akyumen; (5) used the same office or business location and employed the same employees for all the corporate entities; (6) held themselves out as personally liable for the debts of the corporate entities; (7) used the corporate entities as mere shells, instrumentalities or conduits for themselves and/or their individual businesses; (8) used the corporate entities to procure labor, services or merchandise for another person or entities; (9) manipulated the assets and liabilities between the corporate entities so as to concentrate the assets in one and the liabilities in another; (10) used corporate entities to conceal their ownership, management and financial interests and/or personal business activities; and/or (11) used the corporate entities to shield against personal obligations, and in particular the obligations alleged in this Complaint.

17. At all times relevant thereto, Defendants Akyumen Ventures, Akyumen Technologies, Akyumen Corporation, and Akyumen were not only influenced and governed by Defendants Aasim, Mustafa, and Billoo, but there was such a unity of interest and ownership that the individuality, or separateness, of Defendants Aasim, Mustafa, and Billo, and Akyumen

Ventures, Akyumen Technologies, Akyumen Corporation, and Akyumen has ceased, and that the facts are such that an adherence to the fiction of the separate existence of these entities would, under the particular circumstances, sanction a fraud or promote injustice.

18. Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, the acts of the business entities involved were performed by an employee, agent, officer, servant, and/or representative of Defendants Aasim, Mustafa, Billoo, Akyumen Ventures, Akyumen Technologies, Akyumen Corporation, and Akyumen.

## COMMON ALLEGATIONS

19. This action concerns the failure of Defendants Aasim Saied and Akyumen Technologies to pay duly owed legal fees to Plaintiff after having been provided with legal services in conformity with their mutually agreed-upon representation agreement.

20. On or about August 14, 2017, said Defendants engaged Plaintiff by means of written agreement to provide legal representation in connection with several legal matters including inquiries from the Securities & Exchange Commission, employment issues, labor board defense, responding to Grand Jury Subpoena, and reviewing and updating Defendant's employment practices and policies.

21. The essential terms of the written agreement were that Plaintiff would provide such legal services, and Defendants would pay Plaintiff's legal fees at specified hourly rates for certain named attorneys assigned to the engagement, and when other unnamed persons on Plaintiff's staff performed work at a range of rates specified for each type of staff member (partner, associate, paralegal, etc.) and also that Defendants would reimburse Plaintiff for all costs advanced.

COMPLAINT

5

22. The written agreement also contained a provision permitting Plaintiff, should Defendants fail to pay Plaintiff's fees and costs when they came due, to charge Defendant simple interest at a rate of ten percent (10%) per annum on these unpaid fees and costs, from the date on which such payment is due and until payment is received.

23. The firm's representation of defendants in all matters ended on or before September 13, 2018.

24. Plaintiff performed legal services for Defendants, and advanced costs on their behalf, in connection with the representation, and in so doing did all things required of them to be done under the written agreement.

25. From time to time bills were rendered to Defendants and Defendants did make partial payment. At no time did any Defendants bring to Plaintiff's attention any correction, adjustment or reduction to Plaintiff's final bills, alleged below, that were sought.

26. On or about September 14, 2018, Plaintiff sent Defendants, and each of them, a Notice of Client's Right to Arbitrate in the proper form required by law. No arbitration has to date been requested, and none was commenced by any Defendants within 30 days of the date of receipt of the said Notice.

27. The last bill which included new charges for services rendered to Defendants was sent by Plaintiff on September 12, 2018. The balance currently outstanding and due is $92,808.67.

28. Plaintiff has been required to engage outside counsel to represent it in this matter and has been further damaged to the extent of its reasonable attorneys fees incurred in connection therewith.

**FIRST CAUSE OF ACTION**

BREACH OF WRITTEN CONTRACT

(Against All Defendants, and Each of Them)

29. Plaintiff repeats and reincorporates the allegations of paragraphs 1-28, above, as if set forth in full at this point.

COMPLAINT

30. Defendants, and each of them, failed to pay Plaintiff as promised. The amount outstanding presently due on account of Plaintiff's bills is $92,808.67 and plaintiff has been damaged in this amount by said Defendants' above-described failure to pay under the contracts.

31. Plaintiff has been further damaged, and is entitled to recover, the additional sum of 10% interest on the amount of its bill as and from September 14, 2018. The daily interest on $92,808.67 at ten per-cent per-annum is $17.80.

## SECOND CAUSE OF ACTION
### OPEN BOOK ACCOUNT
(Against All Defendants, and Each of Them)

32. Plaintiff repeats and reincorporates the allegations of paragraphs 1-28, above, as if set forth in full at this point.

33. Defendants, and each of them, for the reasons and in the ways stated above, had become indebted to Plaintiff within the year on an open book account for money due in the amount of $92,808.67, and Plaintiff has been actually damaged in this amount, which remains unpaid despite Plaintiff's demand.

34. Plaintiff has been further damaged, and is entitled to recover, the additional sum of 10% interest on the amount of its bill as from September 14, 2018. The daily interest on $92,808.67 at ten per-cent per-annum is $17.80.

35. Plaintiff has been required to engage outside counsel to represent it in this matter and has been further damaged to the extent of its reasonable attorneys fees incurred in connection therewith.

## THIRD CAUSE OF ACTION
### ACCOUNT STATED
(Against All Defendants, and Each of Them)

36. Plaintiff repeats and reincorporates the allegations of paragraphs 1-28, above, as if set forth in full at this point.

COMPLAINT

37. An account was stated in writing by and between Plaintiff and Defendants, and each of them, in which it was agreed by the Defendants, and each of them, that the Defendants, and each of them, were indebted to plaintiff. The reasonable value of this account is $92,808.67, and Plaintiff has been actually damaged in this amount, which remains unpaid despite plaintiff's demand.

38. Plaintiff has been further damaged, and is entitled to recover, the additional sum of 10% interest on the amount of its bill as from September 14, 2018. The daily interest on $92,808.67 at ten per-cent per-annum is $17.80.

**PRAYER**

WHEREFORE, Plaintiff hereby prays as follows:

1. For damages in the sum of $92,808.67;
2. For prejudgment interest at the legal rate of $17.80 per day as and from September 14, 2018, until the date of entry of judgment;
3. For attorneys fees pursuant to California Civil Code section 1717.5 (a);
4. For such other and further relief as the Court deems just and proper.

Dated: September 23, 2019

JENSEN & ASSOCIATES, APC
*Trial Lawyers*

By: *[signature]*
PAUL ROLF JENSEN
Attorneys for Plaintiff Musick, Peeler & Garrett LLP

COMPLAINT

8